

**FILED**
April 24, 2024 01:57 PM
SX-2002-CV-00598
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| JULIAN ST. ROSE; VIRGINIE GEORGE; RAYMOND ALLEYNE; EDGAR BARRIOS; AND OTHER PERSONS TOO NUMEROUS TO MENTION, A CLASS ACTION<br><br>PLAINTIFFS,<br><br>V.<br><br>VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORPORATION (IMC); JACOBS INDUSTRIAL MAINTENANCE CORPORATION (JIMC); HOVENSA, LLC; HOVIC; AND AMERADA HESS CORPORATION,<br><br>DEFENDANTS.[1] | Case No. SX-2002-CV-00598<br><br>Action for Damages<br><br>Complex Litigation Division<br><br>Jury Trial Demanded |

Cite as: 2024 VI Super 18

**Appearances:**

**LEE J. ROHN, ESQ.**
**RHEA LAWRENCE, ESQ.**
**MARY FAITH CARPENTER, ESQ.**
Lee J. Rohn and Associates, LLC
Christiansted, VI 00820
*For Plaintiffs*

**CHARLES E. LOCKWOOD, ESQ.**
**GREGG R. KRONENBERGER, ESQ.**
**GEORGE H. LOGAN, ESQ.**
Dudley Newman Feuerzeig LLP
Christiansted, VI 00280
*For Defendant Virgin Islands Industrial Maintenance Corporation*

**STEPHANIE L. ADLER-PAINDIRIS, ESQ.**
**ALICIA M. CHIU, ESQ.**
Jackson Lewis P.C.
Orlando, FL 32801
*For Defendant Jacobs Industrial Maintenance Corporation*

---

[1] Although the caption was amended when the Second Amended Complaint was filed, the Court has retained the prior caption to avoid confusion since the amendment removed Jacobs Industrial Maintenance Corporation and its dismissal is the focus of motions addressed herein.

*St. Rose, et al. v. V.I. Indus. Maint. Corp., et al.*
Case No. SX-2002-CV-00598
MEMORANDUM OPINION
Page 2 of 29

2024 VI Super 18

**CARL A. BECKSTEDT III, ESQ.**
**EARNESTA L. TAYLOR**
Beckstedt & Kuczynski LLP
Christiansted, VI 00820
*For Defendants HOVENSA, LLP, Hess Oil Virgin Islands Corporation, and Amerada Hess Corporation*

**CAROLYN F. O'CONNOR, ESQ.**
**JOSEPH T. HANLON, ESQ.**
Wilson Elser Moskowitz Edelman and Dicker, LLP
Madison, NJ 07940
*For Defendant Hess Corporation*

## MEMORANDUM OPINION

**WILLOCKS, Administrative Judge.**

¶1    **BEFORE THE COURT** is a motion filed by the Plaintiffs to amend the order dismissing Defendant Jacobs Industrial Maintenance Corporation (hereinafter "Jacobs IMC", "JIMC", or "Jacobs") to allow for interlocutory appeal pursuant to Title 4, Section 33(c) of the Virgin Islands Code. In the alternative, Plaintiffs seek reconsideration of the order and leave to serve process on Jacobs IMC late. Jacobs IMC and Defendant Virgin Islands Industrial Maintenance Corporation (hereinafter "IMC") filed responses in opposition to the motion. The other Defendants did not respond. Plaintiffs filed separate replies to Jacobs IMC and to IMC. The substantive arguments raised in each are largely the same, however, Plaintiffs contend that JIMC's response must be stricken since it was dismissed and, therefore, does not have the right to be heard. Plaintiffs also filed a motion for an extension of time to file their reply to IMC's response, which IMC opposed, and objected in their reply to JIMC being heard in opposition.

¶2    Having considered the arguments of the parties, as well as the informal report of the Staff Master following a status conference with the parties, and taking note of prior orders the Staff Master issued questioning whether Plaintiffs' motion is more appropriate under Rule 54(b) of the Virgin Islands Rules of Civil Procedure, the Court now, for the reasons given below, concludes that the motion to amend to

provide for interlocutory appeal or, in the alternative, for reconsideration, must be denied. The Court also finds JIMC's response is properly before the Court and that Plaintiffs failed to show good cause for an extension of time. Thus, Plaintiffs' reply to IMC's response will be disregarded. However, even though certification for interlocutory appeal is not proper, the Court does find that certifying the dismissal of Jacobs as final under Rule 54(b) is appropriate. This is case involves multiple claims and multiple parties and there is no just reason for further delay—given the decades that have passed since Jacobs IMC was untimely served—to make the parties wait until all claims have been adjudicated to learn whether Jacobs should be reinstated. Reversal and remand at that juncture would, in this Court's assessment, be contrary to justice. Since little discovery has occurred, notwithstanding the age of this case, if Jacobs IMC's dismissal were reversed, it would come before the claims are adjudicated; and, if it were affirmed, it would have an impact on how this case proceeds.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶3 Julian St. Rose, Virginie George, Raymond Alleyne, and Edgar Barrios (hereinafter "Plaintiffs") sued IMC, Jacobs IMC, HOVENSA, LLC (hereinafter "HOVENSA"), Hess Oil Virgin Islands Corporation (hereinafter "HOVIC"), and Amerada Hess Corporation (now known as Hess Corporation) (hereinafter ("Hess") for damages on their own behalf and on behalf of a class of former employees of IMC and Jacobs IMC. According to the complaint filed on September 18, 2002, and amended on March 4, 2003, Plaintiffs initially worked for IMC but during meeting in October 1999 with IMC and Jacobs, IMC and Jacobs represented that if Plaintiffs agreed to "being transferred to J[acbos] IMC they would retain their rights, including date of hire, seniority and severance pay and other benefits accrued while working for IMC." (First Amend. Compl. ¶20.) Plaintiffs agreed to the transfer but were later terminated between December 2001 and September 2002. They did not receive severance or benefits.

¶4 Plaintiffs contend that HOVENSA, with HOVIC and Hess (hereinafter "Hess Defendants"),

developed a plan to have everyone from IMC moved to Jacobs IMC because the Hess Defendants wanted "to force long term employees for contractors to have to sign mandatory arbitration agreements in order to work in the refinery." (Sec. Amend. Compl. ¶ 32, filed Mar. 8, 2019.). Plaintiffs sued the Hess Defendants, IMC, and Jacobs IMC for breach of the duty of good faith and fair dealing, violation of the Virgin Islands Plant Closing Act, and fraud. They seek punitive damages.

¶5     Plaintiffs filed their complaint on September 18, 2002, as amended on March 4, 2003. Summons issued for all Defendants, and Plaintiffs served all Defendants, all except Jacobs IMC, that is. Technically, Plaintiffs did serve Jacobs IMC, on September 11, 2003, but service was late and without leave of court. Plaintiffs sought to cure the defect the next day by filing a motion, on September 12, 2003, for leave to serve "*nunc pro tunc.*" They explained that their attorney was told by the process server, Antonio M. Benjamin, that all Defendants had been served, but sometime in August 2003, they realized Jacobs had not been served with discovery demands. Plaintiffs' counsel looked but could not locate a return of service, so counsel followed up with the process server. After a delay, Benjamin admitted that he erroneously withheld service for Jacobs IMC.

¶6     Plaintiffs cited personnel changes in their attorney's office, which, they contend, contributed to the delay in realizing Jacobs was not served. They also noted that the case was still in "its infancy," that motions to stay discovery and to dismiss were pending, and that late service on Jacobs IMC would not be prejudicial because, according to Plaintiffs, Jacobs IMC was part of a joint venture with IMC and, therefore, had notice of the lawsuit when IMC was served. Plaintiffs asked for sixty days to serve Jacobs IMC but failed, in their motion, to acknowledge that Jacobs had already been served, with proof of service filed the day before.

¶7     The Court (Ross, J.) denied Plaintiffs' motion in an order dated November 25, 2003, and entered November 26, 2003. The Court first considered whether the reasons Plaintiffs gave for not timely serving

*St. Rose, et al. v. V.I. Indus. Maint. Corp., et al.*
Case No. SX-2002-CV-00598
MEMORANDUM OPINION
Page 5 of 29

2024 VI Super 18

Jacobs IMC showed good cause to grant an extension. The Court found they did not. (*See* Order 3, entered Nov. 26, 2003 ("Plaintiffs' lack of oversight and the process server's delinquency are the reason for non-service. Plaintiffs have failed to provide the Court with good cause for failing to serve JIMC in a timely manner.").) The Court next considered whether other factors warranted an extension and here acknowledged Plaintiffs' assertion about Jacobs IMC having notice through service on IMC. The Court agreed that, if Jacobs IMC and IMC were "engaged in a joint venture" then "service on one party is service on all." *Id.* at 4 (citing 26 V.I.C. § 3(f)). The Court then concluded that "these reasons stated by Plaintiff *do justify* extending the time for service to JIMC." *Id.* (emphasis added). But the Court, nonetheless, denied Plaintiffs' motion.

¶8     Once the motion was denied, Plaintiffs proceeded under the assumption that leave to serve was unnecessary because service on IMC was imputed to Jacobs IMC. That is, when the Court denied their motion to serve Jacobs IMC "*nunc pro tunc*," Plaintiffs took that as the Court finding that they did not need more time to serve Jacobs IMC. Consequently, on January 14, 2004, Plaintiffs moved for entry of default once Jacobs IMC failed to appear or otherwise defend. Technically, Jacobs IMC did appear four months earlier, however, on October 14, 2003, but to file a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(5) for insufficiency of process. Plaintiffs opposed that motion on November 18, 2003, and Jacobs replied on December 16, 2003. The parties remained in a state of limbo for the next twenty years, with Jacobs having opposed default, having filed several notices advising of agreements with Plaintiffs to extend briefing deadlines, having appeared at status conferences and hearings, and having moved for (and obtained) or opposed reconsideration of certain orders. In fact, the order that Plaintiffs want amended or reconsidered resulted from a motion Jacobs IMC filed for reconsideration.

¶9     To explain, during a status conference on January 23, 2019, the Court (Molloy, J.) heard argument

from Jacobs IMC on its October 14, 2003 motion to dismiss. Jacobs referred the Court to the November 23, 2003 Order, which technically postdated its motion to dismiss, and asserted that the Order was clear and controlling. The Court disagreed in part. (*See* Hr'g Tr. 25:15-17 ("THE COURT: The reasons is what's confusing, but the order is clear, and the order is what controls.").) Plaintiffs countered that the order could be reconsidered at any time prior to final judgment, and asserted that it would be manifestly unjust for the Court to have found that Jacobs IMC had actual notice of the lawsuit through IMC, and then refuse to grant an extension of time to serve. When the Court pointed out that Plaintiffs had not filed a motion to reconsider in the years since the November 25, 2003 Order was issued, Plaintiffs offered to file one straightaway. The Court also questioned if service was necessary since Jacobs had been served. *See id.* at 30:8-12 ("THE COURT: Hold on. They were served. The only question, whether the Court shall allow the service to be made notwithstanding the violation of 20 days, whether there was good cause or extenuating circumstances."). The Court reiterated, however, that no motion for reconsideration was filed in the preceding fifteen years, which Plaintiffs took issue with, referring the Court to a request they had filed in 2006 in part to seek guidance on the impasse.

¶10    From the bench, the Court gave Plaintiffs a deadline, not to file a motion for reconsideration, but to file a motion for leave to file the motion for reconsideration out of time. Discussion on other matters ensued, including discovery and Plaintiffs' delay in filing a motion to certify a class. Relevant here, at the conclusion of the hearing, the Court directed Jacobs IMC to provide Plaintiffs' counsel with a list of the names of all employees Jacobs IMC had hired and terminated in 2001 and 2002. The Court reduced its bench ruling to writing in a January 31, 2019 Order, which included a deadline for Plaintiffs to file a motion for leave to file a motion for reconsideration out of time, and a deadline for Jacobs IMC to provide the list of employees.

¶11    On February 8, 2019, Jacobs IMC filed a timely motion for reconsideration or clarification. Jacobs

objected to the Court having given Plaintiffs a deadline to file a motion for leave to seek reconsideration out of time, given the amount of time that had passed, and objected to having to provide a list of employees because "JIMC has never been served in in this action filed in 2002 . . . ." (Def. Jacobs Indus. Maint. Corp.'s Mot. for Reconsid. and/or Clarif. of the Ct's Jan. 31, 2019 Order 1, filed Feb. 8, 2019.). In the alternative, Jacobs sought clarification of the scope of names it had to provide Plaintiffs, noting that every employee who was hired or terminated by Jacobs during the relevant timeframe would not be in the class of individuals Plaintiffs seek to represent. Plaintiffs did not file a response to JIMC's motion, and also did not file the motion for leave to file out of time a motion for reconsideration of the November 25, 2003 Order before the deadline the Court set in its January 31, 2019 Order.

¶12    On March 4, 2019, the Court (Molloy, J.) granted JIMC's motion for reconsideration, agreeing that it could not order Jacobs to do anything because Jacobs was not timely served. The Court further noted that it had heard argument on JIMC's October 14, 2003 motion to dismiss, and that Plaintiffs failed to file a motion for leave to file a motion out of time pertaining to service on Jacobs. The Court granted Jacobs's motion for reconsideration, and dismissed Jacobs "for failure to effectuate service of process[.]" (Order 2, entered March 4, 2019.) "The Court has no personal jurisdiction over JIMC[,]" it concluded, "and cannot require it to submit a list of names of all employees hired and terminated by it in 2001 and 2002." *Id.* Two months later, Plaintiffs filed the motion, addressed herein, to amend the March 4, 2019 order to provide for interlocutory appeal or, alternatively, for reconsideration. JIMC filed an unopposed motion for an extension of time to respond, which the Court granted. JIMC filed its response on June 28, 2019. Plaintiffs also moved for an extension of the time to file its replies, which IMC opposed. Plaintiffs filed their reply to IMC's response on July 8, 2019, and their reply to JIMC's response on July 18, 2019.

## II.    DISCUSSION

¶13    Before addressing the motion to amend or for reconsideration, the Court first must address

Plaintiffs' motion for an extension of time as well as Plaintiffs' objection to Jacobs IMC's response. These ancillary matters must be addressed first because the outcome will determine the arguments the Court can consider. *Cf. Gov't of the U.S.V.I. v. ServiceMaster Co., LLC*, No. SX-16-CV-700, 2018 V.I. LEXIS 100, *6 (V.I. Super. Ct. Sep. 26, 2018) ("Because the motions, stipulations, and notices impact on what arguments are before the Court and, therefore, what the Court can consider in rendering a decision, the Court must resolve these ancillary motions first, before proceeding to the merits").

## A. First Motion for an Extension of Time

¶14 Pursuant to Rule 6-1, responses to motions, except Rule 12 and Rule 56 motions, are due within fourteen days after the motion is served, "[u]nless otherwise ordered by the court . . . ." V.I. R. Civ. P. 6-1(f)(1). Replies to responses are similarly due within fourteen days after service unless the court orders otherwise. *See* V.I. R. Civ. P. 6-1(f)(5). In this instance, the Court (Molloy, J.) did order otherwise when it issued Standing Order No. 4, which provides (for all cases pending in the Complex Litigation Division) that

> the deadline for all responses is extended to twenty-eight (28) days from the date a motion is served and filed, and the deadline for all replies is extended to twenty-eight (28) days from the date the response is served and filed, provided that the parties meet and confer as directed, and provided further that a different deadline is not specified by court order. Standing Order No. 4, § 5, entered Mar. 5, 2019, *In re: Complex Litig. Cases Pending in the Super. Ct. of the V.I.*, Case No. SX-2019-MC-035, *available at* 2019 V.I. LEXIS 28, *7-8 (V.I. Super. Mar. 5, 2019).

Section 6 further provides that, "[b]ecause additional time has been granted to file responses and replies, motions and stipulations for an extension of time or for leave to file or act out of time will only be granted on motion showing exceptional circumstances." *Id.* at *8. However, parties are directed to "proceed as though leave were granted," if their request has not been ruled on within twenty-eight days, "but with full knowledge that, if exceptional circumstances are not found, the Court may disregard or reject the late filing." *Id.* (citing *Augustin v. Hess Oil V.I. Corp.*, 67 V.I. 488, 503-05 (Super. Ct. 2017)).

*St. Rose, et al. v. V.I. Indus. Maint. Corp., et al.*
Case No. SX-2002-CV-00598
**MEMORANDUM OPINION**
Page 9 of 29

2024 VI Super 18

¶15     Additionally, Section 1 of Standing Order No. 4 directs that counsel must "meet and confer *before filing any motion or request*, including dispositive motions and discovery motions, so that the issues are crystalized and ancillary matters, which often can be resolved through communication without court intervention, are reduced." *Id.* at *6 (emphasis added). This requirement comports with other meet-and-confer requirements including, relevant here, Rule 6-2 of the Virgin Islands Rules of Civil Procedure, which provides that "[a]ll motions seeking an extension of time . . . shall include . . . [a] statement that the moving party has conferred with opposing parties and there is agreement or objection to the motion or that despite diligent effort, the moving party cannot ascertain opposing counsel's position . . . ." V.I. R. Civ. P. 6-2(a).

¶16     Plaintiffs filed their motion to amend the March 4, 2019 order or for reconsideration on May 9, 2019. IMC filed its response on June 4, 2019, two days before its 28-day deadline. Plaintiffs' reply was due 28 days after that, or by July 2, 2019. Plaintiffs filed their First Motion for Extension of Time on June 24, 2019, stating (incorrectly) that their reply was due the same day.[2] They asked for fourteen more days, or until July 8, 2019, because "counsel responsible for drafting the Reply has been out of the country on a pre-planned family vacation to Cape Town, South Africa since June 3 and will not be back until June 25." (Pls.' First Mot. for Ext. of Time 2, filed June 24, 2019.) Plaintiffs represented that they tried to confer with IMC, per Rule 6-2, "but ha[d] not received a response." *Id.* Plaintiffs also concluded that IMC "will not be prejudiced by this delay and an extension will not have an impact on these proceedings as the extension is brief." *Id.*

¶17     IMC filed its response in opposition on July 1, 2019. IMC first acknowledged that Plaintiffs did

---

[2] Pursuant to Rule 6 of the Virgin Islands Rules of Civil Procedure, "when the period is 14 days or less, do not count intermediate Saturdays, Sundays, and legal holidays . . . ." V.I. R. Civ. P. 6(a)(1)(B). Plaintiffs were correct that 14 days, per Rule 6, from June 4, 2019 would have been June 24, 2019, if this were an ordinary civil case. However, because this is a complex case, the 28-day deadline provided in Standing Order No. 4 controlled, giving Plaintiffs more time.

attempt to confer as required by the rule – "by sending an email at 12:55pm on June 24, 2019." (Def. V.I. Indus. Maint. Corp.'s Opp'n to Pls.' First Mot. for Ext. of Time 1, filed July 1, 2019.) Plaintiffs filed their motion approximately two hours later, at 3:19pm. "Given the Supreme Court's decision to include diligence as a precondition to satisfying the requirement to attempt to confer, a cursory email followed by immediate filing can hardly be said to meet this requirement[,]" *id.* at 2, IMC argued. According to IMC, the reasons why it opposed giving Plaintiffs more time were the same reasons why it opposed Plaintiffs' underlying motion – because they "have failed to meet numerous deadlines . . . ." *Id.* Further, the Court already gave Plaintiffs a deadline—February 4, 2019—to file a motion for leave to seek reconsideration out of time. Plaintiffs ignored that deadline, IMC argued, yet went ahead and filed an untimely motion for reconsideration while also ignoring the requirement that they seek leave first. Since the underlying motion is untimely and Plaintiffs did not comply with Rule 6-2 in filing their motion for an extension of time, the Court should deny their request for more time to file their reply, IMC argued. Plaintiffs did not file a reply to IMC's response.

¶18    The Court agrees with IMC that Plaintiffs failed to satisfy the meet-and-confer requirement. First, IMC overlooked the separate requirement Standing Order No. 4 imposes on counsel to meet and confer before filing any motion or request in a complex case. Plaintiffs' motion for an extension of time does not include a certification, as such, of counsel's attempts to confer before filing it. In this instance, overlooking the Standing Order is harmless because Rule 6-2(a) imposes a similar requirement, that the movant include a statement in the motion indicating whether the opposing parties agree or object to the request for more time, or a statement that despite diligent effort, the movant could not ascertain opposing counsel's positions. *See* V.I. R. Civ. P. 6-2(a). Plaintiffs failed to satisfy this requirement. Diligent means [definition / citation]. One email sent to opposing counsel approximately hours before a motion is filed with the court does not satisfy the "diligent effort" requirement in the rule. *See id.* ("despite diligent effort,

the moving party cannot ascertain opposing counsel's position.").

¶19    Plaintiffs also failed to carry their burden to show good cause. "When an act is required or allowed to be done by or within a specified period, the court may upon a showing of good cause or excusable neglect, extend the date for doing that act." V.I. R. Civ. P. 6(b)(1). Factors courts can consider include when the request was made (whether before or after the deadline has passed), the reason for the delay, whether the reason was within the movant's control, prejudice to the other parties, the length of the delay, the impact on the proceedings, whether the movant acted in good faith, and any other relevant circumstances. *See id.* The movant must also disclose "the number of motions for extension of time that have been filed . . . by the movant with respect to the same prescribed time period." V.I. R. Civ. P. 6-2(b). By titling their motion "First Motion for Extension of Time," Plaintiffs disclosed that it was their first request. They also asked to have until July 8, 2023, which is only six days after the reply was initially due per Standing Order No. 4. So the number of times Plaintiffs sought and extension and the length of the delay are factors that lean in Plaintiffs' favor. However, the reason for the delay and whether the reason was within the movant's control are factors that weigh heavily against Plaintiffs. Plaintiffs filed the underlying motion on May 9, 2019. They should have appreciated that. per Standing Order No. 4, responses were due four weeks later and replies four weeks thereafter. They calculated their time to filed their reply to IMC's response based on the 14 days provided under Rule 6-1(f)(5). However, 14 days under the Virgin Islands Rules of Civil Procedure works out to be more like 21 days because only business days are counted. *Cf.* V.I. R. Civ. P. 6(a)(1)(B) (excluding weekends and legal holidays for all deadlines 14 days or less).

¶20    Even under Plaintiffs' own approach, they knew on June 4, 2019 that their reply would have been due on June 24, 2019 (per Rule 6-1), and they also knew that the attorney who was responsible for drafting that reply had left the Territory and the country on a "pre-planned" vacation the day before, on June 3,

2019. Yet, Plaintiffs waited three weeks, until June 24, 2019 (they day they believed the reply was due), to contact opposing counsel and move for an additional two weeks. "'Courts in the Virgin Islands have consistently held that a busy schedule of counsel, by itself, does not establish [good cause or] excusable neglect.'" *People v. Acevedo*, 2023 VI Super 12, ¶ 8 (brackets omitted) (quoting *Edwards v. Hess Oil V.I. Corp.*, 69 V.I. 136, 142 (Super. Ct. 2017)). The reason for the delay is entirely within Plaintiffs' control and insufficient to show good cause, particularly when the requirement imposed by Section 6 of Standing Order No. 4 is considered, namely that exceptional circumstances be shown to warrant an extension beyond the 28 days already given for responses and replies in complex cases.

¶21    Ultimately, Plaintiffs reply was only filed six days late. Nevertheless, the Court cannot find good cause to excuse the delay. Plaintiffs failed to comply with the meet-and-confer requirement in Section 1 of Standing Order No. 4 and the diligent effort requirement in Rule 6-2. The motion spans two pages, does not identify when the conflict arose, or why another attorney in the same law firm could not draft the reply or at least have it prepared for the responsible attorney's review, who was due back on June 25, 2019. Plaintiffs also failed to explain why they needed another two weeks, or until July 8, 2019, again according to their own calculations. While neither Standing Order No. 4 nor Rule 6-2 address what the consequences are for failure to comply, this Court believes that parties cannot take it upon themselves to pick and choose which orders and rules to follow and when. Here, the Court finds that the appropriate consequence is to deny Plaintiffs' motion and disregard their reply to IMC's response.[3]

---

[3] Although the Court will disregard the substantive arguments Plaintiffs make in their reply to IMC's response, the Court must point out that Plaintiffs' objection to IMC's response is itself out of order. Plaintiffs contend in their reply that IMC had no right file a response. However, "the rules of procedure require that parties file responses to motions. Replies are optional; responses are mandatory." *Olson v. V.I. Water & Power Auth.*, 2023 VI Super 61, ¶ 21. Rule 6-1 mandates that every party "*file a response* within 14 days after service upon the party of *any motion* . . . ." V.I. R. Civ. P. 6-1(f)(1) (emphasis added). The rule does not say "may file," does not require responses only to "certain motions," or only to motions the responding party is interested in. If a party is served with a motion, that party must file a response. Since all parties are, with few exceptions not relevant here, served with all papers filed in a case, every party must respond to every motion. The contents of the response may be to join another party's response or to state that the party takes no position. The Court does acknowledge one apparent inconsistency in the rules insofar as Rule 6-1(c) directs that only "responses in opposition" may be filed, while Rule 6-2(f)

*St. Rose, et al. v. V.I. Indus. Maint. Corp., et al.*
Case No. SX-2002-CV-00598
**MEMORANDUM OPINION**
Page 13 of 29

2024 VI Super 18

### B.      Objection to Jacobs IMC Filing a Response

¶22     In their reply, Plaintiffs object that Jacobs filed a response to their motion. As the Court noted, *see*

*supra* note 3, "every party must respond to every motion. . . . What arguments or position the party takes

is up to the party; whether to respond is not." However, unlike the objection to IMC's response, Plaintiffs

object because Jacobs "has been dismissed and is no longer a party in this action." (Pls.' Reply to Def.

Jacobs Indus. Maint. Corp.'s Opp'n to Pls.' Mot. to Amend Ct. Order to Provide for Interlocutory App.

or Alternatively, to Reconsid. Ct.'s Order of Dismissal 2, filed July 18, 2019 (hereinafter "Pls.' Reply".)

Plaintiffs contend that, as a non-party, Jacobs has no right to be heard or to file papers with the court. *See*

*id.* at 3-4 ("JIMC has ignored the procedural rules and intervened here without any explanation as to why

JIMC should be allowed to file a brief in a case in which it is no longer a party. This Court should refuse

to allow this unauthorized brief by JIMC, a non-party to this litigation[,] and strike it completely from the

record."). This is a question of first impression in the Virgin Islands.

¶23     Plaintiffs contend that once a party has been dismissed, that party no longer has a right to be heard.

Instead, Jacobs must await a ruling on the motion to amend or reconsider its dismissal and cannot act

unless and until it is formally brought back into the case. Only then can Jacobs seek whatever relief it

believes appropriate. Alternatively, if the Court were to deny reconsideration but grant the motion to

amend the order for interlocutory appeal, Jacobs could be heard on appeal. But as a dismissed party, Jacobs

---

requires the filing of a response to any motion. *Compare* V.I. R. Civ. P. 6-1(c) ("Only a motion, a response in opposition, and a reply may be served on other parties and filed with the court . . . ."), *with* V.I. R. Civ. P. 6-2(f)(2) ("Unless otherwise ordered by the court, a party shall file a response within 14 days after service upon the party of any motion . . . ."). The "in opposition" language is contradictory as what arguments the party makes and what position the party takes is up to the party. Courts cannot order parties to oppose motions. But courts can order parties to respond, which is what Rule 6-2(f) requires. So, IMC not only had a right to respond to Plaintiffs' motion, they (along with JIMC and the Hess Defendants) had a duty to respond. Consequently, Plaintiffs' assertion that IMC "should not be permitted to have a say in this matter" because "'IMC is not included in the scope of the relief requested[,]" (Pls.' Reply to IMC's Opp'n to Pls.' Mot. to Amend Order to Provide for Interlocutory App or Alternatively, Mot. to Reconsid. 2, filed July 8, 2019), is rejected insofar as Plaintiffs believe that only Jacobs IMC might have been permitted to respond. Of course, Plaintiffs could assert that the Court should disregard IMC's arguments. That is entirely appropriate and the proper scope of a reply. But contending that IMC's response "was not warranted" and that it "should not be permitted to have a say" is improper.

has no to oppose their motion, Plaintiffs contend. *See id.* at 2-3 ("JIMC is no longer a party to this case, and therefor as a non-party, it had no right to 1) be served with a copy of Plaintiffs' Motion . . . and 2) file the instant Opposition . . . ."). Instead, JIMC move for leave to intervene if it wants to be heard in opposition. *See id.* at 3 (citing V.I. R. Civ. P. 24(a)). The Court rejects Plaintiffs' argument.

¶24     Putting aside the impracticality in requiring that a former party move for leave to intervene solely to respond to a motion to set an interlocutory dismissal aside,[4] the plain language of Rule 5 may refute Plaintiffs' argument. Although there is no precedent directly on point, there is some guidance: "dismissed parties technically remain parties for some purposes until a final order is entered." *Mathurin v. Hess Oil V.I. Corp.*, 75 V.I. 141, 155 (Super. Ct. 2021). "The reason why is clear: an order dismissing fewer than all parties is interlocutory and can be vacated at any time. Thus, dismissed parties can always be reinstated . . . on proper grounds." *Id.* at 155-56 (citing *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596 (2013)). "Case law does not address whether current parties must continue to serve court papers on parties previously dismissed from a case. At first blush, it may seem unnecessary and could also increase costs unnecessarily." *Jones v. Lockheed Martin Corp.*, 68 V.I. 158, 186 n.10 (Super. Ct. 2017). "But with the advent of electronic service and the variety of ways of effecting service, it might not be as burdensome as before. Moreover, former parties may want to be (or perhaps even should be) kept abreast of the status of the case." *Id.* (citation omitted).

¶25     One way in which dismissed parties remain involved is with stipulations for dismissal. "Several federal and Virgin Islands courts have recognized that dismissed parties remain parties for purposes of

---

[4] Plaintiffs also fail to realize the perils of their approach: Jacobs raised personal jurisdiction as defense. "Once a nonparty . . . chooses to intervene, it becomes either a party-defendant or a party-plaintiff, depending on the side on which it chooses to intervene." *Olson v. V.I. Water & Power Auth.*, 2023 VI Super 61, ¶ 18 (citing *Bryan v. Fawkes*, 61 V.I. 201, 221-22 (2014)). Jacobs would intervene as a party-defendant. "[C]ourts have consistently held that an intervening defendant may not assert an affirmative defense that has been waived by the original defendant." *Bryan*, 61 V.I. at. 221. If Jacobs did intervene, it would intervene on same footing as the other Defendants, all of whom waived the defense of personal jurisdiction by not raising it at the earliest opportunity.

*St. Rose, et al. v. V.I. Indus. Maint. Corp., et al.*
Case No. SX-2002-CV-00598
**MEMORANDUM OPINION**
Page 15 of 29

2024 VI Super 18

signing a self-executing stipulation for dismissal." *Mathurin*, 75 V.I. at 155 (collecting cases); *see also City of Jacksonville v. Jacksonville Hosp. Holdings, Ltd. P'ship*, 82 F.4th 1031, 1038 (11th Cir. 2023) ("We agree with the Sixth Circuit's holding in *Anderson-Tully* that a Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action."). "[A] stipulation for dismissal must be 'signed by all parties who have appeared,' which [can] include[] former or dismissed parties." *In re: Alumina Dust Claims*, 71 V.I. 443, 456 (Super. Ct. 2019). The reason why is instructive here.

¶26     "'The canons of construction in statutory interpretation apply equally to the interpretation of court procedural rules.'" *Mathurin*, 75 V.I. at 158 (quoting *Whyte v. Bockino*, 69 V.I. 749, 754 (2018)). Stipulations for dismissal are governed by Rule 41. *See* V.I. R. Civ. P. 41(a). Rule 41 provides that a stipulation for dismissal must be signed by all parties who have appeared. *See* V.I. R. Civ. P. 41(a)(1)(A)(ii). To be effective without court approval, the stipulation "must be 'signed by all parties who have appeared,' which includes former or dismissed parties." *Alumina Dust Claims*, 71 V.I. at 456. As the United States Court of Appeals for the Eleventh Circuit explained in *City of Jacksonville*,

> there is simply no language that *qualifies* the clause "all parties who appeared." The lack of any words restricting the subsection's scope suggests that a broad reading—one covering all parties in a lawsuit—is warranted. This interpretation is supported by the fact that the drafters qualify the term "party" or "parties" elsewhere in the Federal Rules. 82 F.4th at 1038 (emphasis added).

Similar reasoning may apply to Rule 5. Like the federal rules, Rule 5 of the Virgin Islands Rules of Civil Procedure provides that "all papers after the complaint that are filed with the court must be served on every party . . . including . . . a written motion . . . and a written notice, appearance, demand, or offer of judgment, or any similar paper." V.I. R. Civ. P. 5(a)(1)(D).[5] Rule 5 uses the words "all parties," "every

---

[5] Motions that may be heard on an *ex parte* basis are excluded from this requirement.

*St. Rose, et al. v. V.I. Indus. Maint. Corp., et al.*
Case No. SX-2002-CV-00598
**MEMORANDUM OPINION**
Page 16 of 29

2024 VI Super 18

party," and "each party" multiple times without qualifying the party's status in the case. Rule 5 does make one exception, however, "service is [not] required on a party who is in default for failing to appear . . . ." V.I. R. Civ. P. 5(a)(2).[6]

¶27 By contrast, other rules of procedure do qualify the party's status. For example, Rule 25 provides that, "[a]fter a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the *remaining parties*." V.I. R. Civ. P. 25(a)(2) (emphasis added). Similarly, Rule 27 of the Virgin Islands Rules of Appellate Procedure provides that, "[i]f any of the parties fail to appear to present argument, the panel will hear argument on behalf of the remaining parties, and sanctions shall be considered against the absent party." V.I. R. App. P. 27(e). Although ""[c]ase law does not address whether current parties must continue to serve court papers on parties previously dismissed from a case[,]" *Jones*, 68 V.I. at 186 n.10, Rule 5's plain language may require it. The words "all papers" and "every party" are plain; their meaning is clear. No language qualifies or restricts the service requirement to remaining parties or current parties.

¶28 In a sense, Plaintiffs are correct: dismissed or former parties cannot be heard on all issues following their dismissal. JIMC could not, for example, be heard in opposition to a motion for an extension of time. But if dismissed or former parties remain parties for some purposes, and if Rule 5 requires service of all papers on all parties, including former parties, then Plaintiffs are mistaken. They did have to serve a copy of their motion on JIMC. But even if Rule 5 does not require service of all papers on dismissed parties, due process and common-sense dictate that dismissed parties be notified when their dismissal is challenged. Plaintiffs' approach would add unnecessary layers of complication. It would also invite rounds of reconsideration: defendant is dismissed; plaintiff seeks reconsideration; dismissal is vacated; defendant

---

[6] Service on parties in default is required if a pleading asserts a new claim for relief and when notice of default judgment is required under Rule 55. See V.I. R. Civ. P. 5(a)(2).

is reinstated and moves again to dismiss for reconsideration of reconsideration. Rules of procedure "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." V.I. R. Civ.P. 1 (emphasis added). This Court holds that Rule 5 requires service of motions or other papers on dismissed or former parties if the motion or paper impacts the former party's rights. And if former parties must be served, it follows that they also have a right to be heard. Serving papers on parties serves a purpose, giving notice, and notice would be pointless without the right to be heard. *See Howard v. Hutchinson*, 10 Me. 335, 344 (1833) ("The right to notice necessarily follows from the right to be heard."). For these reasons, the Court rejects Plaintiffs' request to disregard and strike JIMC's response.

### C.      Motion for Reconsideration

¶29      Rule 6-4 of the Virgin Islands Rules of Civil Procedure authorizes a motion for reconsideration in four instances: when the law has changed, when new evidence becomes available, when clear error must be corrected, or when the court neglected to address a point raised prior to ruling. *See generally* V.I. R. Civ. P. 6-4(b)(1)-(4). Reconsideration motions must be filed "within 14 days after the entry of the ruling, unless the time is extended by the court. Extensions will only be granted for good cause shown." V.I. R. Civ. P. 6-4(a). Reconsideration is not appropriate here.

¶30      Plaintiffs did not file their motion within the 14-day deadline. The order Plaintiffs want reconsidered was entered on March 4, 2019. Plaintiffs filed their motion for reconsideration on May 9, 2019. It is untimely, which they acknowledged. But Plaintiffs did not show good cause for the two-month delay. Instead, they contend good cause for their delay is "the dismissal of JIMC [which] is an important development in the case and where this Court erred in dismissing JIMC by failing to take into account dispositive legal matters presented to it." (Pls.' Mot. to Amend. Order to Provide for Interloc. App. or Alt., Reconsid. Mot. 13, filed May 9, 2019 (hereinafter "Amend Mot.").) But Plaintiffs conflate the showing

required for granting reconsideration with the showing required for excusing their delay in filing the motion for reconsideration late. Clear error or neglecting to address arguments raised prior to a ruling may require granting a motion for reconsideration, but not if the motion comes late. JIMC timely objected to the delay. Plaintiffs have not explained why they were two months late. Therefore, the request for reconsideration is not properly before the Court.

¶31    But even if the Court were to excuse the delay, since Plaintiffs request reconsideration in the alternative, it is not appropriate here. First, the Court (Molloy, J.) granted Plaintiffs—from the bench on January 23, 2019, and in its January 31, 2019 Order reducing that ruling to writing—leave to file a motion out of time regarding service on JIMC. The Court was quite clear. (*See* Hr'g Tr. 37: 2-9 (Jan. 23, 2019) ("Okay. What I'm going to do, I'm going to give the plaintiffs an opportunity -- I'm going to give you ten days for you to file a motion for leave as to why you should be able to file a motion for reconsideration out of time. Not the motion for reconsideration. You need to file a motion for leave to file the motion for reconsideration out of time.").) The reconsideration the Court referred to was reconsideration of the November 25, 2003 Order, entered November 26, 2003, that denied Plaintiffs' motion for leave to serve JIMC "*nunc pro tunc.*" Plaintiffs were given until February 4, 2019 to file a motion for reconsideration. They did not act on the Court's offer. So, on February 8, 2019, JIMC filed its own motion for reconsideration of the January 31, 2019 Order, specifically of the discovery requirement and argued that the Court lacked authority over it because service was untimely. Plaintiffs did not file a response to JIMC's motion. And after the Court granted the motion on March 4, 2019 and dismissed JIMC, they waited nearly two months to move for reconsideration.

¶32    Second, the Order Plaintiffs want reconsidered was itself based on a motion for reconsideration. That is, Plaintiffs are asking for reconsideration of reconsideration. However, by not responding in opposition to JIMC's motion for reconsideration, Plaintiffs waived any objection to March 4, 2019 Order.

A party who fails to file a response in opposition to a motion for reconsideration waives the right to seek reconsideration later, unless the decision exceeds the scope of the initial motion. *Cf. Grunley Constr. Co. v. District of Columbia*, 704 A.2d 288, 291 (D.C. 1997) (finding failure to oppose reconsideration constitutes waiver); *Jerkins v. HPT Ihg Props. Tr.*, No. 19—cv-62198, 2019 U.S. Dist. LEXIS 248740, *4 (S.D. Fla. Dec. 2, 2019) ("It is improper for Plaintiff to seek reconsideration based on arguments that could have been raised prior to the Court's Dismissal Order and were waived.").

¶33    Finally, the law has not changed regarding service of process, no new evidence was presented, and no previously-raised points are identified in their motion, which the Court (Molloy, J.) failed to address in its March 4, 2019 Order. JIMC moved for reconsideration of the January 31, 2019 Order. Plaintiffs did not respond. Plaintiffs now try to bootstrap order on top of order and motion on top of motion pointing to issues they raised in prior motions and filings. The Court appreciates the overall point they are making—that JIMC (according to them) was part of a joint venture with IMC and, thus, service on IMC should have been imputed (according to them) on JIMC and, further, service in 2003 or even now (again, according to them) would not be prejudicial on JIMC. But Plaintiffs arguments were already considered by the Court (Ross, J.) in its November 23, 2003 Order.

¶34    More importantly, Plaintiffs overlook that Rule 52 of the Virgin Islands Rules of Civil Procedure expressly provides that "[t]he court is ***not required*** to state findings or conclusions when ruling on a motion under Rule 12 or Rule 56 or, unless the[] rules provide otherwise, on any other motion." V.I. R. Civ. P. 52(a)(3) (emphasis added). That is, according to rules promulgated by our Supreme Court, the Superior Court can simply deny a motion without any findings or any explanation; insofar as this may be change in prior law, the Supreme Court of the Virgin Islands has sanctioned it. *Accord Browne v. People*, 74 V.I. 601, 612 (2021). Thus, the Court did not have provide any findings or analysis in its order. And the reason why is clear: the Supreme Court "appl[ies] a *de novo* standard of review to a determination by

the Superior Court that it lacked personal jurisdiction." *Molloy v. Indep. Blue Cross*, 56 V.I. 155. 169

(2012). "'*De novo* means that the court's inquiry is not limited to or constricted by the record nor is any

deference due the conclusions under review.'" *Erbey Holding Corp. v. BlackRock Fin. Mgmt.*, 2023 VI

Super 75, ¶ 15 (quoting *In re: Infant Sherman*, 49 V.I. 452, 460 (2008) (Swan, J., concurring)). Of course,

the trial court does have discretion to state findings and give reasons in support of a ruling. But it is not

required when the ruling will be reviewed anew on appeal without any deference to those findings or

conclusions. Thus, insofar as Plaintiffs complaint that the Court (Molloy, J.) clearly erred by failing to

consider their (or JIMC's) arguments, it is rejected, and does not provide a basis for reconsideration.

### D.       Motion to Amend Order to Provide for Interlocutory Appeal

¶35     The Court turns now to the primary relief Plaintiffs seek: amendment of the March 4, 2019 Order

to certify it for interlocutory appeal pursuant to Section 33(c) of Title 4 of the Virgin Islands Code.

Plaintiffs contend that the order presents a controlling question. Yet they fail to frame that question in a

cogent form. They meander from asserting that the question to be certified is whether Judge Molloy erred,

on the one hand, by reaffirming Judge Ross's reliance on precedent from the United States Court of

Appeals for the Third Circuit, namely *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3d Cir. 1995),

and, on the other hand, by not following his own precedent. That is, Plaintiffs contend that Judge Molloy

erred by not following a decision he rendered in *McKenzie v. Hess Oil Virgin Islands Corporation*, 70

V.I. 2010 (Super. Ct. 2019). However, as JIMC points out, *McKenzie* was decided on March 6, 2019, two

days after the March 4, 2019 Order issued. Courts cannot err by failing to follow future precedent.

Plaintiffs may have had a basis for seeking reconsideration, if *McKenzie* constituted "an intervening

change in controlling law." V.I. R. Civ. P. 6-4(b)(1). But *McKenzie* was not controlling because "decisions

of trial level courts are not binding on any other court, including that same trial court." *Der Weer v. Hess*

*Oil V.I. Corp.*, 60 V.I. 91, 101 (Super. Ct. 2014) (collecting cases). Judges do often adhere to their own

decisions, absent binding authority, because they want to be consistent. But trial court judges are not binding on themselves.

¶36     Plaintiffs' difficulty in framing the question to be certified discloses why their motion if flawed. They argue that the March 4, 2019 Order "misapplied" the November 25, 2003 Order, that Judge Molloy "improperly relied on" Judge Ross's Order, (*see* Amend Mot. 5), that Judge Molloy "erred" in several ways, *see id.* at 7 ("In dismissing JIMC, this Court erred . . . ."), and that Judge Ross's Order "failed to provide a proper analysis . . . ." *Id.* at 10. These are all arguments in favor of reversal, not certifying a controlling question for interlocutory appeal.

¶37     Certification of a controlling question of law under Section 33(c) of Title 4 of the Virgin Islands Code is ""'intended, and should be reserved, for situations in which the appellate court can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *Erbey Holding Corp. v. Blackrock Fin. Mgmt., Inc.*, 2024 VI Super 10, ¶ 11 (brackets, ellipsis, emphasis, and citation omitted). Plaintiffs' own arguments show why Section 33(c) is unavailing here. (*See* Pls.' Reply 6 ("The Order to be appealed involves several controlling questions of law, one being whether good cause exists to extend a time limit for service. The 2019 Order, relying on the antiquated law from the 2003 Order, applied a completely different standard than this same Court and Judge applied in the recent case of *McKenzie* . . . . ").) These are arguments to be raised on direct appeal, not as a certified question of pure law. One pure question of law that could be certified here, one which Plaintiffs did not request, is whether service on one member of a joint venture constitutes service on all members. If the answer to that question is yes, then Plaintiffs would be on firmer footing and certainly would have grounds for seeking reconsideration.

¶38     But in addition to certifying a controlling question, Section 33(c) also requires that the question has to "materially advance the ultimate termination of litigation . . . ." 4 V.I.C. § 33(c). Plaintiffs fail to

*St. Rose, et al. v. V.I. Indus. Maint. Corp., et al.*
Case No. SX-2002-CV-00598
**MEMORANDUM OPINION**
Page 22 of 29

2024 VI Super 18

satisfy this requirement as well because JIMC has been dismissed. Certifying the dismissal for interlocutory, rather than final, appeal will not terminate this litigation. In fact, it might prolong it, because JIMC would be reinstated. Plaintiffs contend that, if JIMC were reinstated, "it is likely that the parties would attempt to facilitate a settlement due to the length of time this case has been pending." (Pls.' Reply 6.) Likelihoods are not assurances that litigation ultimately will terminate.

¶39    In the end, Plaintiffs focus predominately on Section 33(c)'s requirement that there be a "substantial ground for difference of opinion . . . ." 4 V.I.C. § 33(c). But the difference of opinion, which must be substantial, concerns the law – novel or unsettled questions of law. *Cf. Erbey Holding Corp. v. Blackrock Fin. Mgmt., Inc.*, 2023 VI Super 75, ¶ 35 (certifying question involving exercise of consent jurisdiction based on business registration forms). As the United States Court of Appeals for the Ninth Circuit explained:

> To determine if a "substantial ground for difference of opinion" exists . . . courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)) (quoting *Federal Procedure, Lawyers Edition* § 3:212 (2010)).

Locally, questions of first impression raised via a *Banks* analysis, *see Castillo v. St. Croix Basic Servs., Inc.*, 72 V.I. 528, 569-70 (Super. Ct. 2020), or where there is a split of authority among the trial courts, *cf. Klein v. Bassil*, 2023 VI 14, ¶¶ 12-13 & n.7, or where there is uncertainty about the construction of rules of procedure, *cf. Island Tile & Marble*, 57 V.I. at 609-14; *see also, e.g., Mathurin*, 75 V.I. at 158-59, may present a substantial ground for a difference of opinion. "However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" *Couch*, 611 F.3d at 633 (quoting 3 *Federal Procedure, Lawyers Edition* § 3:212 (2010)).

¶40    That said, Plaintiffs and JIMC do have grounds for the difference of opinion here. But "a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference. That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.* (quotation marks and citation omitted). Plaintiffs' grounds are grounds for direct appeal, not interlocutory. In fact, the very fact that Plaintiffs also sought reconsideration undermines their argument: if there are substantial grounds for the difference of opinion on a controlling, unsettled question of law, there cannot be clear error because "clear error is established based on the existence of controlling legal authority . . . ." *Playup, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1096 (D. Nev. 2022); *accord Claybrooks v. ABC*, No. 3:12-cv-00388, 2013 U.S. Dist. LEXIS 50876, at *11 (M.D. Tenn. Apr. 9, 2013) ("As a general matter, the plaintiffs have essentially taken the incongruous position that this court committed a 'clear error of law' in deciding a legal issue that, even by the plaintiffs' own admission, presented a matter of first impression in this country."). Plaintiffs' motion to amend the March 4, 2019 Order to certify it for interlocutory appeal under Section 33(c) of Title 4 of the Virgin Islands Code must be denied. Certifying the order is not appropriate and, more importantly, even if the Court did certify it, the Supreme Court of the Virgin Islands may not grant the application for appeal. *See In re: Le Blanc*, 49 V.I. 508, 523-24 (2008) (*per curiam*) ("Even if the trial court enters an order allowing an interlocutory appeal, this Court still has the discretion on whether to allow the appeal. Therefore, affording a litigant a civil interlocutory appeal is never automatic, because there is no unqualified right to such an appeal.").

## E.    Certification Under Rule 54(b) of the Virgin Islands Rules of Civil Procedure

¶41    Although the Court concludes that neither reconsideration nor certification for interlocutory appeal are appropriate here, the Court does believe that providing some finality to this issue is appropriate. In their February 3, 2006 request for ruling, Plaintiffs referenced the impasse regarding Jacobs IMC as follows:

No Order was entered on the Motion for Entry of Default and no clarification of this Court's Order dated November 25, 2003 has ever been issued. Plaintiffs and Defendants have argued the actual findings of the November 25, 2003 Order in the briefs mentioned above. Plaintiffs feel that Judge Ross has said that JIMC was served through its partnership with IMC. (Pls.' Req. for Rulings 5, filed Feb. 3, 2006.)

Plaintiffs' earlier motion for entry of default made the same representation – that Jacobs had "failed to answer and thus has ignored this Court's Order considering them served along with its partner IMC as of September 27, 2002, or as of the date of this Court's Order dated November 25, 2003." (Pls.' Mot for Entry of Default Against Def. Jacobs Indus. Maint. Corp. 2, filed Jan. 14, 2004.)

¶42 Admittedly, the November 25, Order is somewhat ambiguous because the Court denied Plaintiffs' motion to serve Jacobs out of time, while also acknowledging that "service on one party is service on all." (Order 4, entered Nov. 26, 2003 (citing 26 V.I.C. § 3(f)).) The Court also stated that "no return of service for JIMC can be found." *Id.* at 2-3. It is unclear whether the Court was referring to the court's own files or to the Plaintiffs' files since Plaintiffs had represented in their motion that they looked but did not find a return of service and so reached out to the process server. The court file does reflect service on JIMC because Plaintiffs had filed proof of service the Superior Court on September 15, September 19, and October 7, 2003, showing service was effected on Jacobs IMC on September 11, 2003. Thus, the question was whether to give effect to the untimely service that had already occurred, rather than grant more time to serve. However, that is not the relief Plaintiffs requested.

¶43 What's more, none of this was brought to the Court's attention, not when the Court (Ross, J.) issued its decision in November 2003, or after the Court (Molloy, J.) granted Plaintiffs' leave in January 2019 to seek reconsideration of the November 23, 2003 Order out of time. Instead, Plaintiffs claim clear error in the March 4, 2019 Order vacating the January 31, 2019 Order in part and dismissing JIMC. Plaintiffs contend Judge Molloy should have addressed the merits of JIMC's October 14, 2003 motion to dismiss and (importantly to them) their opposition, including their argument that Jacobs and IMC were a

*St. Rose, et al. v. V.I. Indus. Maint. Corp., et al.*
Case No. SX-2002-CV-00598
**MEMORANDUM OPINION**
Page 25 of 29

2024 VI Super 18

joint venture, a point this Court believes Jacobs succinctly refuted in a footnote in its reply. Plaintiffs are correct that the Court (Molloy, J.) did not provide any analysis of JIMC's motion to dismiss in the March 4, 2019 Order. The Order also did not explicitly grant JIMC's motion. Implicitly, however, the March 4, 2019 Order did grant JIMC's motion to dismiss because the Court the Court heard argument on JIMC's motion on January 23, 2019 and then dismissed JIMC for lack personal jurisdiction, which was one the grounds JIMC raised in its motion. All of the issues Plaintiffs raise in their motion are more appropriate for direct, not interlocutory, appeal.

¶44      Rule 54(b) of the Virgin Islands Rules of Civil Procedure is modeled after Rule 54(b) of the Federal Rules of Civil Procedure and, thus, federal precedent interpreting it is instructive. *See Slack v. Slack*, 69 V.I. 567, 573 (2018). The Supreme Court of the United States in *Curtiss-Wright Corporation v. General Electric Company*, 446 U.S. 1 (1980), "outlined the steps to be followed in making determinations under Rule 54(b)." *Id.* at 7 (citing *Sears, Roebuck & Co.* v. *Mackey*, 351 U.S. 427 (1956)). The trial "court must first determine that it is dealing with a 'final judgment.'" . . . '[F]inal' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (quoting *Mackey*, 351 U.S. at 436). Next, the "court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* at 8. Lastly, the "court must take into account judicial administrative interests as well as the equities involved[,]" including by "considering such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeal." *Id.* The Court finds the *Curtiss-Wright* factors instructive here.

¶45      The dismissal of JIMC is final in the sense that it disposed of all of Plaintiffs' claims against JIMC.

There also is no just reason to delay entering judgment on JIMC's dismissal. Plaintiffs' claims against IMC and HOVENSA remain and, importantly, will continue without JIMC. However, Plaintiffs allege that "JIMC is an essential party, as it is the defendant who employed Plaintiffs and then terminated them in violation of 24 V.I.C. § 471, breached their duty of good faith and fair dealing, and committed fraud." (Amend Mot. 13.) They also argued, albeit in favor of interlocutory appeal, that JIMC's presence or absence would have a material impact on the outcome of this case. To make the parties wait until Plaintiffs' claims against IMC and HOVENSA are resolved before they can appeal the dismissal of JIMC would be inefficient and, more importantly, delay this matter even further. If Plaintiffs prevailed at trial and the dismissal of JIMC were later reversed and remanded, it would place all the parties in a complicated position as the liability, if any, of JIMC would not have been assessed by the jury. Virgin Islands law does not permit juries to assess the liability of nonparties. *See World Fresh Mkts, LLC v. Palermo*, 74 V.I. 455, 463-64 (2021) ("While the statute does not expressly state that apportionment cannot occur with respect to non-defendants, the Legislature is not required to include such an affirmative statement; rather, the deliberate use of the narrower term defendant evinces a legislative intent to allow allocation of fault among only the parties to a lawsuit — not against nonparties." (ellipsis, quotation marks, footnote, and citations omitted)). Moreover, reversing JIMC's dismissal after trial would require a second trial on the same claims since Plaintiffs asserted the same claims against all three Defendants. On other hand, If, as Plaintiffs contend, JIMC is an "essential" party, and if JIMC's dismissal is affirmed on appeal, Plaintiffs might be more inclined to settle with IMC and HOVENSA. Waiting until all claims against HOVENSA and IMC are resolved to challenge JIMC's dismissal could disincentivize settlement. After all, Plaintiffs can hold out hope that the dismissal of an "essential" party would be reversed.

¶46    Certifying the dismissal of JIMC as final now ensure that JIMC's dismissal can be addressed early, early enough for JIMC to be reinstated, if the dismissal is reversed, or for the parties to rethink strategy,

if the dismissal is affirmed. It presents a discrete issue that is separate from the merits and will not cause a subsequent appeal on the same issue. Additionally, this action was commenced as a putative class action, which adds another layer of complexity. Waiting until the claims against HOVENSA and IMC have been determined to reinstate JIMC on remand could require reissuing notice to the class and a second opportunity to opt out. And if the Court were to conclude that a class cannot be certified, the putative class members would have to be given time to intervene or to file separate lawsuits, and all the individual lawsuits would inherit JIMC's dismissal. Under these circumstances, the Court believes that there is no just reason to delay certifying the March 4, 2019 Order's dismissal of JIMC as final.

¶47    One final point must be addressed. The Staff Master informally reported to the Court that, during a hearing held on February 9, 2024 where the parties discussed the status of the case as well as pending motions, JIMC had argued against finalizing the March 4, 2019 Order under Rule 54(b),[7] countering that

---

[7] The Supreme Court of the Virgin Islands has held that, "before taking any significant action *sua sponte* . . .[c]ourt[s] must first give the parties a chance to respond." *Caribbean Auto Mart of St. Croix v. Molloy*, 73 V.I. 329, 334 (Super. Ct. 2020) (citing *Hughley v. Gov't of the V.I.*, 61 V.I. 323 (2014)). Here, the Staff Master had asked the parties to come to the February 9, 2024 hearing prepared to discuss the propriety of the Court treating Plaintiffs' motion to amend or for reconsideration as a motion to certify JIMC's dismissal as final under Rule 54(b). The Staff Master had asked the raised the same issue during an April 1, 2022 hearing, and followed up with an Order dated and entered April 4, 2022, to schedule this case and another case, *Cornwall, et al. v. Virgin Islands Industrial Maintenance Corporation, et al.*, Case No. SX-2002-CV-00641, for oral argument on April 29, 2022, on whether Plaintiffs' motion should be construed under Rule 54(b). The April 29, 2022 hearing was rescheduled to June 3, 2022, because of a conflict with administrative leave granted to all employees for Carnival in St. Thomas District. The June 3, 2022 hearing also did not go forward because this Court stayed all proceedings because of the HONX, Inc. bankruptcy proceeding. *Cf. In re: Certain Cases Under a Discretionary Bankr. Stay*, 2023 VI Super 74. Once the stay was lifted, the Staff Master returned to the question of Rule 54(b), intending to address it by way of recommendation as a "matter pertinent to the proceedings[.]" *In re: Auth. for the Creation & App't of Staff Master Position for the Super. Ct. of the V.I.*, Admin Order No. 2021-0012, 2021 V.I. Supreme LEXIS 14, *3 (V.I. Aug. 12, 2021); see also id. at *3-4 (authorizing staff master to "[c]onduct legal analysis of parties' motions or other submissions and make recommended findings of facts and conclusions of law or other reports[.]"). The Court elected to address Plaintiffs' motion, and Rule 54(b) itself, after the Staff Master's informal report. *See id.* at *3 (authorizing "formal and informal recommendations and reports to the judge regarding any matter pertinent to the proceedings[.]"). *See also, e.g., Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001) ("Intergraph also argues that the district court had no authority *sua sponte* to enter judgment under Rule 54(b). That is incorrect. 'Whether to allow an interim appeal is best decided by the trial court.'" (quoting *State Treasurer v. Barry*, 168 F.3d 8, 14 (11th Cir. 1999)); *accord Barry*, 168 F.3d at 14 ("The district court, sua sponte or on motion, could have certified that there was no reason for delay and directed the entry of final judgment on Plaintiff's complaint and Defendants' counterclaim for tortious interference."); *Guinan v. A.I. Dupont Hosp. for Children*, No. 08-0228, 2009 U.S. Dist. LEXIS 77587, *10 (E.D. Pa. Aug. 28, 2009) ("As with certification under § 1292(b), a district court may sua sponte direct entry of final judgment under Federal Rule of Civil Procedure 54(b).").

federal courts unanimously hold that unserved defendants are not parties for purposes of Rule 54(b). JIMC is correct. *See Cambridge Holdings Grp., Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1360 (D.C. 2007) ("[O]ur sister circuits 'treat an improperly served defendant as never having been before the district court' for purposes of Rule 54(b). Eight circuits have expressly adopted this view. None has adopted a contrary interpretation." (brackets, citations, and footnotes omitted). But JIMC misunderstands the context.

¶48    Federal courts treat unserved defendants as nonparties when determining whether, and if so when, a final order was entered for *served* defendants. *See id.* at 1361 ("[W]hen a district court dismisses a suit as to all served defendants and only an unserved defendant remains, there is generally no reason to anticipate additional proceedings before the district court. Indeed, unless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all."). Here, if the Court had not dismissed Jacobs, and adjudicated Plaintiffs' claims against IMC and HOVENSA without addressing Jacobs IMC's status, that might constitute "a judgment adjudicating all the claims and all the parties' rights and liabilities." V.I. R. Civ. P. 54(b). Assuming Virgin Islands courts were to follow federal precedent here, the time to appeal could run from the date of entry of the orders adjudicating the claims against HOVENSA and IMC, even though Plaintiffs' motion to amend or for reconsideration remained pending. But that is not the situation here. Instead, the Court is certifying as final a dismissal for lack of personal jurisdiction, which courts have heard on direct appeal. *See, e.g., De James v. Magnificence Carriers, Inc.*, 654 F.2d 280, 282 (3d Cir. 1981); *see also Gessner v. City of Minot*, 529 N.W.2d 868 (N.D. 1995) (concluding Rule 54(b) certification of dismissal for untimely service was not warranted as exception to final judgment). JIMC's objections, therefore, are overruled.

### III.    CONCLUSION

¶49    For the reasons stated above, the Court finds that Plaintiffs did not show good cause and thus, their motion for an extension of time will be denied and their reply to IMC's response has been disregarded.

The Court also overrules Plaintiffs' objections to JIMC having filed a response in opposition to their motion to amend or for reconsideration. Having considered the arguments raised in that motion, the Court will deny it. Reconsideration is not proper here. Certifying the dismissal of JIMC for interlocutory appeal is also improper. However, the Court does agree with Plaintiffs' overall point – that appellate review of JIMC's dismissal is appropriate. For that reason, the Court will sua sponte certify the March 4, 2019 Order dismissing JIMC for lack of jurisdiction and failure to timely serve as final under Rule 54(b) of the Virgin Islands Rules of Civil Procedure. An appropriate order follows.

**DONE this ___ day of April, 2024.**

**HAROLD W.L. WILLOCKS**
Administrative Judge of the Superior Court

**ATTEST**:
Tamara Charles
Clerk of the Court

By: _____
Court Clerk
Dated: _____4/24/2024_____

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
April 24, 2024 01:59 PM
SX-2002-CV-00598
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| JULIAN ST. ROSE; VIRGINIE GEORGE; RAYMOND ALLEYNE; EDGAR BARRIOS; AND OTHER PERSONS TOO NUMEROUS TO MENTION, A CLASS ACTION<br><br>PLAINTIFFS,<br><br>V.<br><br>VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORPORATION (IMC); JACOBS INDUSTRIAL MAINTENANCE CORPORATION (JIMC); HOVENSA, LLC; HOVIC; AND AMERADA HESS CORPORATION,<br><br>DEFENDANTS.[1] | Case No. SX-2002-CV-00598<br><br>Action for Damages<br><br>Complex Litigation Division<br><br>Jury Trial Demanded |

## ORDER

**AND NOW**, for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that the First Motion for Extension of Time filed by Plaintiffs on June 24, 2019 is **DENIED**, and the Reply filed by Plaintiffs on July 8, 2009 is **DISREGARDED**. It is further **ORDERED** that the Motion to Amend Order to Provide for Interlocutory Appeal or Alternatively, Motion to Reconsider filed by Plaintiffs on May 9, 2020 is **DENIED**. However, the Court will by separate order certify the Order dated and entered March 4, 2019 as final per Rule 54(b) of the Virgin Islands Rules of Civil Procedure.

**DONE and so ORDERED this** _24th_ **day of April, 2024.**

**ATTEST:**

TAMARA CHARLES
CLERK OF COURT

COURT CLERK
DATED: _4/24/2024_

HAROLD W.L. WILLOCKS
Administrative Judge of the Superior Court

---

[1] Although the caption was amended when the Second Amended Complaint was filed, the Court has retained the prior caption to avoid confusion since the amendment removed Jacobs Industrial Maintenance Corporation and its dismissal is the focus of motions addressed herein.